UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 3:17-CR-55 (VLB) |
| v. | JANUARY 18, 2019 |
| IVAN ROSARIO, | |
| Defendant. | |

## ORDER TO SEAL *VOIR DIRE* TRANSCRIPT

On March 16, 2017, a grand jury returned an indictment charging Defendant Ivan Rosario ("Defendant") with (1) conspiracy to distribute and to possess with intent to distribute 1 kilogram or more of a mixture or substance containing 1 kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i); (2) unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(2). *See United States v. Rosario*, No. 17-cr-00055 (VLB) ("Rosario I"). As the case progressed to trial, Defendant was indicted on new charges. He was charged with two counts in *United States v. Rosario*, No. 18-cr-00007 (VLB) ("Rosario II"): (1) witness tampering with intent to influence or prevent testimony and to cause or induce any person to withhold testimony, in violation of 18 U.S.C. §§ 1512(b)(1), (b)(2)(A), (j); and (2) causing or inducing any person to destroy evidence, in violation of 18 U.S.C. §§ 1512(b)(2)(B) and (j) ("Count Two"). The two cases were tried in April 2018 and the jury convicted Defendant in Rosario II of Count Two causing or

inducing any person to destroy evidence, in violation of 18 U.S.C. §§ 1512(b)(2)(B), (j). The jury could not agree on the conspiracy charge and it acquitted him of all other charges. A retrial on the charge for conspiracy to distribute and to possess with intent to distribute heroin is scheduled for June 2019. *See* Rosario I at Dkt. 413.

On January 16, 2019, the Court entered an order in both cases providing that the "names, addresses, employers, and occupations of all jurors and their family members shall be redacted from all records on the public docket and all records disclosed to the public." *See* Rosario I at Dkt. 421 and Rosario II at Dkt. 101. The Court also stated that it would further articulate its ruling. The Court's order was prompted by a request from Defendant's mother, Ivelisse Rosario, for an expedited transcript of *voir dire*. As explained in detail below, the Court finds that the jurors' right to privacy outweighs the public's right to access unredacted *voir dire* transcripts. Further, the Court finds that redacting the limited personal information described above is narrowly tailored to preserve the interest of juror privacy. As the parties have not had an opportunity to be heard on the question of whether the *voir dire* transcript should be sealed as ordered herein, this order is without prejudice to either party filing a motion to vacate this order and to unseal the transcript accompanied by a memorandum of law in support of its position.

Criminal trials have been historically open to the public. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980). The right is implicit in the First Amendment. *Id.* at 580. This guarantee of openness includes *voir dire* examinations of potential jurors. *Press-Enter. Co. v. Superior Court of California*,

464 U.S. 501, 505, 508 (1984). "The value of openness lies in the fact that people not actually attending trials can have confidence that standards of fairness are being observed; the sure knowledge that *anyone* is free to attend gives assurance that established procedures are being followed and that deviations will become known." *Id*. at 508. However, the open nature of criminal trials is not absolute. "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. at 510. In *Press-Enterprise,* the Supreme Court recognized that the *voir dire* process may give rise to a compelling interest of a prospective juror in certain circumstances, but "[t]he privacy interests of such a prospective juror must be balanced against . . . the need for openness of the process." *Id*. at 512. The identities of federal jurors are routinely withheld. The Guide to Judiciary Policy, as determined by the Judicial Conference of the United States or the Director of the Administrative Office of the U.S. Courts, directs court reporters to redact juror identities from trial transcripts and directs judges to "make efforts to limit references on the record to potential jurors' names by assigning and using numbers for each juror" during *voir dire* proceedings. *See* 10 Admin. Office of U.S. Courts, Guide to Judiciary Policy §§ 330.10.10, 330.20(c)(2)(A)(ii) (2016).

The Second Circuit has also repeatedly recognized a district court's broad discretion to use anonymous or sequestered juries. Anonymous juries do not infringe a defendant's constitutional rights if the jury needs protection and reasonable precautions are taken to minimize the effect that the decision will have

3

on the jurors' opinions of the defendant.  *See United States v. Vario*, 943 F.2d 236, 239 (2d Cir. 1991) (collecting cases). The first element may be satisfied by "a demonstrable history or likelihood of obstruction of justice on the part of the defendant or others acting on his behalf." *Id.* at 241; *see United States v. Pica*, 692 F.3d 79, 88 (2d. Cir 2012) (finding that district court "acted well within its discretion when it determined, based on [defendant's] history of jury tampering and other factors, that the additional protection provided by jury anonymity was warranted."). Similarly, the "decision to sequester the jury to avoid exposure to publicity is committed to the discretion of the court, and failure to sequester can rarely be grounds for reversal."  *United States v.* Salerno, 868 F.2d 524, 540 (2d Cir. 1989). To succeed on appeal for failure to sequester, a defendant must show that he suffered actual prejudice from publicity surrounding trial.  *Id.*

Several other sources recognize the privacy interests of jurors and support the Court's authority to use narrowly tailored means to protect it.  First, the statute requiring each district court to create a plan for random jury selection provides that such plans may "permit the chief judge of the district court, or such other district court judge as the plan may provide, to keep these names confidential in any case where the interests of justice so require."  28 U.S.C. §1863(b)(7).  Indeed, it is the practice of this Court to avoid the use of juror names during *voir dire* and refer to jurors by their assigned number.  Second, Federal Rule of Criminal Procedure 49.1 provides for redaction where a filing contains an individual's social security number, birth date or home address.  Fed. R. Crim. P. 49.1.  Third, this District's

Local Rule authorizes sealing when it is supported by clear and compelling reasons and is narrowly tailored to serve those reasons:

> Every document used by parties moving for or opposing an adjudication by the Court, other than trial or hearing exhibits, shall be filed with the Court. No judicial document shall be filed under seal, except upon entry of an order of the Court either acting *sua sponte* or specifically granting a request to seal that document. Any such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. A statute mandating or permitting the non-disclosure of a class of documents (e.g., personnel files, health care records, or records of administrative proceedings) provides sufficient authority to support an order sealing such documents. A judge may seal a Court order, including an order to seal documents and the related findings, when sealing a Court order meets the standard for sealing a judicial document.

D. Conn. L. Cr. R. 57(b)(3)(b). These statutes and rules help ensure the important interests of juror safety and privacy while encouraging candor. *See United States v. King,* 140 F.3d 76, 83 (2d Cir. 1998).

The Court finds *United States v. Bruno* highly persuasive. 700 F.Supp.2d 175 (N.D.N.Y. 2010). In that case, a newspaper intervened and sought disclosure of juror identities, addresses, and questionnaires in addition to an order directing court reporters to file unredacted transcripts of *voir dire* in a high-profile criminal case against a former New York State Senator. *Id.* at 177. The court ordered disclosure of juror names because it had publicly announced their names on multiple occasions during *voir dire* which was open to the press. *Id.* at 183-84. The court declined to disclose juror addresses and questionnaires on the grounds that "the presumption of access [was] outweighed by each juror's countervailing right to privacy." *Id.* at 184. In so concluding, the court noted that "[t]he potential that

5

this jury would become the subject of relentless public scrutiny simply because they honored their constitutional duty is too great a price to be endured." *Id*.

Here, the public right of access to the names, addresses, employers, and occupations of jurors and their family members is also outweighed by each juror's countervailing right to privacy, specifically because disclosure may undermine the judicial process and lead to threats and intimidation. However, unlike in *Bruno*, where the court was primarily concerned with disclosure of "extraordinarily personal and sensitive information" and subjecting the jury to public scrutiny, this Court is primarily concerned with juror security.[1] Defendant was convicted of causing or inducing any person to destroy evidence, in violation of 18 U.S.C. §§ 1512(b)(2)(B) and (j), by inducing a witness to destroy evidence through threats and other acts of intimidation. The Government submitted evidence that during recorded prison telephone calls, Defendant enticed his girlfriend to destroy damaging evidence against him and threatened to hurt her if she did not. In addition, the evidence of recorded telephone calls made by Defendant to his mother, Ivelisse Rosario, showed the Defendant enlisted his mother to help him force his girlfriend to destroy incriminating evidence. In those recorded conversations, Mrs. Rosario is heard agreeing to conspire in the destruction of evidence. Defendant's girlfriend testified at trial to succumbing to this pressure and destroying incriminating evidence.

---

[1] The *Bruno* Court did acknowledge the countervailing interest of juror security, "As for privacy and security, the court is mindful that in this technological age, the internet savvy can easily use specific address to obtain satellite photographs of any juror's front porch." *Id.* at 183. However, there was no concern, like in this case, that the media would engage in threatening or intimidating conduct.

**Defendant was acquitted of witness tampering with intent to influence or prevent testimony and to cause or induce any person to withhold testimony, in violation of 18 U.S.C. §§ 1512(b)(1), (b)(2)(A), (j), but credible evidence was introduced against him. The evidence showed that Defendant wrote a letter directing others to post material for the express purpose of dissuading through intimidation another cooperating witness from testifying against him. The letter was found in his jail cell and it specified that the intimidation should be initiated at a future time in close proximity to his trial, but Defendant had not mailed it. Although Defendant was acquitted of witness tampering, the fact that this letter was found in his jail cell is further evidence of Defendant's propensity to threaten, intimidate and harm the jurors who convicted him.**

**Accordingly, the Court orders that the names, address, employers and occupations of the jurors and their family members be redacted from all material docketed or released to the public, including any transcripts of all court proceedings.[2] The Court finds that redaction of this information is the least restrictive means of achieving this end and will not interfere with the public interest in the openness of criminal trials.**

## Conclusion

**For the reasons set forth above, the Court orders that the names, address, employers and occupations of the jurors and their family members be redacted from all material docketed or released to the public, including any transcripts of**

---

[2] **Unlike in *Bruno*, juror names were not disclosed during *voir dire*. Jurors identified themselves by juror number only. However, in the event that a juror's name was accidentally revealed, the Court orders juror names redacted.**

7

court proceedings. This order is without prejudice to either party filing a motion to vacate this order and to unseal the transcript accompanied by a memorandum of law in support of its position.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: January 18, 2019.